FILED '08 SEP 12 16:31 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RHONDA L. ROSE,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

CV-06-6286-TC

FINDINGS & RECOMMENDATION

COFFIN, Magistrate Judge:

## INTRODUCTION

Plaintiff brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. § 405(g).

For the reasons discussed below, the Commissioner's final decision should be reversed and remanded for further proceedings.

1 - FINDINGS & RECOMMENDATION

## BACKGROUND

Plaintiff was 46 years old at the time of the hearing. She had past relevant work as a proof operator, bank teller, customer service representative and a bank branch manager. Plaintiff alleges disability based on combined impairments including fibromyalgia/myofascial syndrome, scoliosis, shoulder impingement, attention deficit hyperactivity disorder(ADHD), depression (with associated cognitive difficulties), and a pain syndrome.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. See Tacket v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner, at step five, to identify jobs existing in significant numbers in the national economy that the claimant can perform. Id.; see also 20 C.F.R. § 404.1560(c)(2).

Here, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. Tr. 17, 28; see 20 C.F.R. § 405.1520(b)

At step two, the ALJ found that plaintiff had the following severe impairments: shoulder impingement syndrome and curvature of the spine. See 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that plaintiff's impairments did not meet or equal the requirements of a listed impairment ; see 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ assessed plaintiff with the residual functional capacity (RFC)[1] to perform the full range of sedentary skilled work; see 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567.

At step four the ALJ found that plaintiff was no longer able to perform her past relevant work; see 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f).

However, at step five the ALJ, relying on a vocational expert (VE), found that plaintiff could perform other work existing in significant numbers in the national economy, as a food and beverage order clerk, a call-out operator and a information clerk; see 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g).

## DISCUSSION

Plaintiff makes several arguments. The argument most critical to the resolution of this matter is that the ALJ completely failed to address, in anyway whatsoever, plaintiff's diagnosed depression. The Commissioner repeatedly asserts that the ALJ considered and found that plaintiff's depression was nonsevere at p.p. 16-17 of her opinion. However, the record does not support this --depression is not mentioned in the opinion. The Commissioner also states that "the record does not support a severe impairment of depression , as there is no evidence that she pursued ... any recommended

---

[1] A claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations imposed by his impairments. 20 C.F.R. § 404.1545(a); SSR 96-8pk.

3 - FINDINGS & RECOMMENDATION

treatment(Tr. 321)" Defendant's Brief at p. 6. However, at Tr. 321, Dr. Sackman notes in his report that plaintiff has significant depression and that it will need to be aggressively treated with use of medications and counseling. Dr. Sackman previously noted in his report that plaintiff has been on antidepressants, TR. 320, as had other doctors who had diagnosed plaintiff with major depressive disorder. Dr. Hoops, plaintiff's long-time treating psychiatrist, noted plaintiff's depression syndrome in a written questionnaire on the nature and severity of plaintiff's mental impairments. Tr. 276-281. He indicated that the depressive syndrome was characterized by several items, including difficulty concentrating or thinking, decreased energy and thoughts of suicide. He also stated that plaintiff had ADHD. In reply to a question regarding the degree of limitation plaintiff suffers from her mental disorders considered together, Dr. Hoops circled "frequent " as to deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner. Tr. 280. The ALJ did not mention Dr. Hoops by name in his opinion.

It does not appear that the ALJ considered all the functional limitations attributable to plaintiff's depression and ADHD. An ALJ is required to consider the effects of all impairments, severe or not, when assessing plaintiff's RFC. 20 C.F.R. § 404.1545(e) and 416.945(e). As such, this matter should be remanded. The failure to consider all of the functional limitations invalidates the vocational hypothetical the ALJ relied on and, in addition, the vocational testimony was somewhat vague and the exchange between the vocational expert and the ALJ was confusing, making the evidence arguably unreliable. The ALJ also failed to address lay evidence from plaintiff's son. A new complete hearing should be conducted in compliance with all regulations and the ALJ should

issue a new decision that addresses the five-step sequential process for determining whether a person is disabled.[2]

Plaintiff argues for a remand for an award of benefits, but as discussed below, such is not appropriate in the circumstances of this case and the District Court's discretion should be exercised in favor of further proceedings.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989).

Improperly rejected evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be

---

[2]Plaintiff asserts that the ALJ failed to consider equivalence at step 3 of the disability analysis. The ALJ noted that neither plaintiff nor her attorney alleged an equaling of any listing in the regulations. Tr. 17. A claimant has the burden of establishing that her combined impairments are medically equivalent to a listed impairment. *Sullivan v. Zebley,* 493 U.S. 521, 531 (1990); *Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); 20 C.F.R. §§ 404.1526, 416.926. A finding of equivalence must be based on medical evidence only. *Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir. 2001); 20 C.F.R. §§ 404.1529(d)(3), 416.929(d)(3). The claimant must offer some theory as to how her impairments combine to equal a listed impairment. *Lewis v. Apfel,* 236 F.3d at 514. An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to the criteria for a listed impairment, unless the claimant presents evidence in an effort to establish equivalence, *Id., Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). As the ALJ did not address depression in her opinion, and for the reasons stated above, plaintiff will have an opportunity at the new hearing to present evidence in an effort to establish equivalence.

made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman v. Apfel*, 211 F.3d at 1178 citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Of course, the third prong of this test is actually a subpart of the second. *See Harman*, 211 F.3d at 1178 n. 7.

It is not clear from the record that the ALJ would be required to find plaintiff disabled if the evidence the ALJ did not address in her opinion were credited. Dr. Hoops volunteered in an explanation section of the questionnaire discussed above that he thought plaintiff's mental illness did not limit her ability to work. Tr. 280. The questionnaire provided by plaintiff's son is not definitively indicative or supportive of disability as the son answered "don't know" on several pertinent questions and some answers regarding plaintiff's activities were arguably inconsistent with plaintiff's testimony on such matters. In addition, plaintiff's general arguments regarding the handling of her testimony and credibility do not indicate that the ALJ failed to provide legally sufficient reasons for discounting plaintiff's testimony.[3]

## CONCLUSION

The Commissioner's decision should be reversed and remanded for further proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). A new complete

---

[3]For example, the ALJ did not discount plaintiff's testimony about the severity of her symptoms solely because it was not corroborated fully by objective medical findings. The ALJ considered several appropriate factors, including medical evidence. See Smolen v. Chater, 80 F.3d 1273, 1281-1282 (9th Cir. 1996)( setting forth several factors, including medical evidence, that an ALJ may consider in a credibility analysis ). The ALJ's questioning of plaintiff at the hearing, however, failed to emphasize plaintiff's depression and such should be addressed in the new hearing.

6 - FINDINGS & RECOMMENDATION

hearing should be conducted in compliance with all regulations and the ALJ should issue a new decision that addresses the five-step sequential process for determining whether a person is disabled.

DATED this 12 day of September, 2008.

Thomas M. Coffin
United States Magistrate Judge

7 - FINDINGS & RECOMMENDATION